

FOLEY & LARDNER LLP
Douglas E. Spelfogel (DS7097)
90 Park Avenue
New York, New York 10016
T:  (212) 682-7474
F:  (212) 687-2329
E-mail: dspelfogel@foley.com
*Co-Counsel for Plaintiff Marcelo Paladini*

ASCHETTINO LAW P.C.
Stephen A. Aschettino (SA4072)
1120 Avenue of the Americas, 4th Floor
New York, New York 10036-
T: (212) 626-6742
F:  (866) 260-5527
E-mail: saa@aschettinolaw.com
*Co-Counsel for Plaintiff Marcelo Paladini*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| Marcelo Paladini, | ) | Index No.:_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John Martillo, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Marcelo Paladini ("Paladini" or "Plaintiff"), by his attorneys, Foley & Lardner

LLP and Aschettino Law P.C., for his Complaint against Defendant John Martillo ("Martillo" or

"Defendant"), alleges as follows:

## I.   NATURE OF THE ACTION

1.     Plaintiff brings this civil action against Defendant for contribution, constructive

fraud, improper distribution, unjust enrichment or, in the alternative, constructive trust.

2.      Specifically, this suit arises from Defendant's receipt of two inflated payments on all of his shares of stock in Cynergy Data Holdings, Inc. for more than the shares were worth for his own personal gain and to the detriment of Plaintiff (the "Distributions"), causing injury to Plaintiff.

## II.      THE PARTIES AND OTHER ENTITIES

3.      Non-party Cynergy Data, LLC ("Cynergy") is a limited liability company organized under the laws of Delaware with its principal place of business during the subject events in Manhattan, and thereafter at 30-30 47th Avenue, Long Island City, New York.  Cynergy provided payment processing services for merchants including credit card, debit card, electronic benefit transfer, and check processing services.  Cynergy is a wholly owned and controlled subsidiary of Cynergy Data Holdings, Inc.

4.      Non-party Cynergy Data Holdings, Inc. ("Cynergy Holdings" and together with Cynergy, the "Companies") is a corporation organized under the laws of Delaware with its principal place of business initially in Manhattan, and thereafter at 30-30 47th Avenue, Long Island City, New York.  Cynergy Holdings was a holding company that owns the entire membership interest in Cynergy.  Cynergy and Cynergy Holdings filed a petition for Chapter 11 bankruptcy protection on September 1, 2009.

5.      Plaintiff was the co-founder, Chairman, Chief Executive Officer, and Assistant Secretary of Cynergy.  Plaintiff was also a 95% shareholder of Cynergy Holdings after the Distributions took place.  Paladini was also President of Cynergy Holdings and Cynergy.  Paladini was in charge of the creative end of the business operations.  Paladini is a resident of the State of Florida and also has a residence in the State of New York.

6.      Defendant was the co-founder and former President of Cynergy and Cynergy Holdings, and a former 47.5% shareholder of Cynergy Holdings prior to the Distributions.

Defendant is a native of Ecuador and resides, upon information and belief, at 2709 Summit Ridge Drive, Southlake, Texas, 76092.  As co-founder and former President of Cynergy and Cynergy Holdings, and a substantial shareholder of Cynergy Holdings, Defendant was intimately involved in Cynergy's and Cynergy Holdings' financial affairs and was the largest beneficiary of a $45 million subordinated loan made to Cynergy, in part, to buy out Defendant's interest in Cynergy Holdings.  Defendant had the responsibility to ensure that he was receiving a proper distribution for his shares based on an appropriate valuation of Cynergy Holdings.

### III.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant hold diversity of citizenship and the claim of losses by Plaintiff exceeds $75,000 in the aggregate.  Thus, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because it is the "judicial district in which substantial parts of the events or omissions giving rise to the claim occurred."  Cynergy and Cynergy Holdings were located in the Southern District of New York and the Distributions giving rise to this complaint occurred in the Southern District of New York.

### IV.     BACKGROUND

a.     Sale of Defendant's Shares

9.     In 2007, Defendant sought to cash out of Cynergy Holdings.  To implement his wishes, the Companies sought financing and credit support from several banks that would allow Cynergy to redeem Defendant's stake in Cynergy Holdings.

3

10.     In furtherance of these objectives, Cynergy as borrower entered into a loan agreement with Dymas Funding Company, LLC, A3 Funding LP, and Ableco Finance (the "Banks"), dated April 16, 2007 and November, 2007 (collectively, the "Loan Agreement").

11.     Under the terms of the Loan Agreement, the Banks made term loans to Cynergy in the aggregate principal amount of approximately $45 million.

12.     Defendant was the primary beneficiary and was involved in the transactions that ultimately resulted in the loans used to redeem his interest in Cynergy Holdings.

13.     Upon receiving the loan, Cynergy made two payments to Defendant to redeem his equity shares in Cynergy Holdings.  The first payment was made to Defendant in April 2007 totaling $15 million.  The second payment was made to Defendant in November 2007 for $31,500,000, totaling $46,500,000.

14.     However, because of certain inadvertent accounting misstatements, Defendant received a far greater payout for his equity shares than he should have.  At the time the Distributions were made, the value of the Companies' assets as adjusted was substantially less than believed, resulting in Distributions to Defendant in excess of the amount Defendant should have received upon a proper valuation.   Therefore, while Defendant was entitled to a distribution, the amounts received were grossly overstated.

15.     The result of these Distributions was that Paladini's stake in Cynergy Holdings rose to 95%, but, because of Defendant's inflated Distributions for his equity shares, Defendant was overpaid and Paladini received far less for his shares than he would have received had Defendant taken the payout on his shares based on Cynergy Holdings' actual, and not inflated, value.

DETR_1402267.6

b.      Cynergy Enters Chapter 11 Bankruptcy

16.     On or about September 1, 2009, the Companies filed for relief under Chapter 11 of the Bankruptcy Code.  These cases are currently pending before the United States Bankruptcy Court in the District of Delaware.

17.     As a result of the bankruptcy, Plaintiff has been named as a party in two lawsuits, to wit, *Dymas Funding Company, LLC; A3 Funding LP; and Ableco Finance LLC v. Marcelo Paladini, John Martillo, and Gustavo Ceballos* (Case Number 09-602852), filed in the Supreme Court for the State of New York and *Garrison Credit Investments I LLC v. Marcelo Paladini, John Martillo, and Gustavo Ceballos* (Case Number 603545/2009), filed in the Supreme Court for the State of New York (the "Lawsuits").

**COUNT I**
**CONTRIBUTION**

18.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 17  inclusive hereof.

19.     Plaintiff is entitled to contribution from Defendant because Plaintiff has been named as a defendant in the Lawsuits as a result of the loan proceeds that were used to pay the Distributions to Defendant.

20.     Plaintiff's injury is particularized to him because any judgment entered against Paladini, if any, is as a result of claims relating to the Distributions received by Defendant and relate to overpayments that resulted in diminution to the value and amounts received by Plaintiff for its equity stake in the Companies.

21.     Therefore, Plaintiff and Defendant are both subject to claims for damages for the same personal injury.

5

22.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for contribution.

## COUNT II
## CONSTRUCTIVE FRAUD

23.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 22, inclusive hereof.

24.     The Distributions constitute an interest of the Plaintiff.

25.     The Companies conveyed the Distributions to Defendant which rendered the Companies insolvent.

26.     The Companies received less than fair consideration for the Distributions because the Distributions were paid in excess of the amounts that were due to Defendant because of the overstatement of value of the Companies and did not constitute reasonably equivalent value in exchange for the shares redeemed.

27.     As a result of the Distributions to Defendant, Plaintiff was injured because the resulting shares that Plaintiff was left with were worth less than the value obtained by Defendant.

28.     Plaintiff's injury is particularized to him because a portion of the Distributions belonged to Plaintiff, personally, as a member and shareholder.

29.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for constructive fraud, and Plaintiff is entitled to recover damages from Defendant.

## COUNT III
## IMPROPER DISTRIBUTION

30.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 29, inclusive hereof.

31.     Upon resignation, Defendant was entitled to receive a distribution stated in the Companies' operating agreements and, if not otherwise provided in the operating agreements,

DETR_1402267.6

Martillo was entitled to receive only the fair value of his interest as of the date of resignation based upon his right to share in distributions from the limited liability company.

32.     Notwithstanding, the Distributions paid to Defendant were in excess of the amounts that were due to Defendant because of the overstatement of value of the Companies and did not constitute the fair value of his interest as of the date of resignation.

33.     As a result of Defendant receiving improper Distributions, Plaintiff was injured because he received less than he would have received for his shares in Cynergy Holdings.

34.     Plaintiff's injury is particularized to him because a portion of the Distributions belonged to Plaintiff, personally, as a member and shareholder.

35.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for improper distribution, and Plaintiff is entitled to recover damages from Defendant.

**COUNT IV**
**UNJUST ENRICHMENT/IMPOSITION OF A CONSTRUCTIVE TRUST**

36.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 35, inclusive hereof.

37.     Defendant has inequitably received more than he should have as a result of the Distributions, which he used for his own benefit.  Such inflated Distributions were received by Defendant at the expense of Plaintiff.

38.     As a result, Defendant has been unjustly enriched and now holds proceeds that, in equity and good conscience, should be paid to Plaintiff.

39.     The conduct of Defendant directly and proximately caused Plaintiff's damages.

40.     Plaintiff's injury was particularized to him because a portion of the Distributions belonged to Plaintiff, personally, as a member and shareholder.

DETR_1402267.6

41.    By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for unjust enrichment, and Plaintiff is entitled to recover damages from Defendant.

42.    In the alternative, Plaintiff is also entitled to imposition of a constructive trust.

43.    Plaintiff attempted to obtain the return of all or part of the Distributions from Defendant consensually, however, Defendant has ignored all attempts to resolve this matter consensually and without the need for litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

i.    Judgment on Count I for contribution against Defendant for any future judgments against Plaintiff in an amount up to $46.5 million, together with such additional amounts as may be assessed, if any, against Plaintiff;

ii.    Judgment on Count II for constructive fraud against Defendant in the amount up to $46.5 million, together with such additional amounts as may be assessed, if any Plaintiff;

iii.    Judgment on Count III for illegal distribution against Defendant in the amount of up to $46.5 million, together with such additional amounts as may be assessed, if any against Plaintiff;

iv.    Judgment on Count IV for unjust enrichment and constructive trust in the amount of up to $46.5 million, together with such additional amounts as may be assessed, if any against Plaintiff;

v.    compensatory damages in an amount to be determined at trial;

vi.    punitive damages in an amount to be determined at trial;

vii.    costs and attorneys' fees;

viii.    interest from the date of the Distributions, and

8

ix.     such other and further relief as this court deems appropriate.

Dated: New York, New York
April 15, 2010

FOLEY & LARDNER LLP

By: _____
        Douglas E. Spelfogel  (DS 7097)
        90 Park Avenue
        New York, New York 10016
        T:  (212) 682-7474
        F:  (212) 687-2329
        E-mail: dspelfogel@foley.com
Co-Counsel for Marcelo Paladini

ASCHETTINO LAW P.C.
Stephen A. Aschettino Esq.
(SA4072)
1120 Avenue of the Americas, 4th Floor
New York, New York 10036
T: (212) 626-6742
F:  (866) 260-5527
saa@aschettinolaw.com
*Co-Counsel for Plaintiff Marcelo Paladini*

DETR_1402267.6